**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-6238**

_____

MILLANYO WOODY,

Petitioner - Appellant,

v.

JONATHAN NANCE, Warden of Tyger River Correctional Institution,

Respondent - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Sherri A. Lydon, District Judge.  (2:19-cv-00785-SAL)

_____

Submitted:  July 30, 2025                              Decided:  August 18, 2025

_____

Before GREGORY, WYNN, and THACKER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Joshua Snow Kendrick, KENDRICK & LEONARD, P.C., Greenville, South Carolina, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Millanyo Woody seeks to appeal the district court's order accepting the recommendation of the magistrate judge and denying relief on Woody's 28 U.S.C. § 2254 petition.[*] Specifically, Woody seeks to challenge the district court's rejection of his claim that trial counsel rendered ineffective assistance by failing to object to certain expert witness testimony.

The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When a state court has addressed an issue that is subsequently raised in a § 2254 petition, federal courts may not grant the § 2254 petition unless the underlying state adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or "(2) resulted in a decision that was based on an unreasonable

---

[*] We remanded Woody's prior appeals on procedural grounds, based on uncertainty over the timeliness of his notice of appeal. The district court granted relief under Fed. R. Civ. P. 60(b) and vacated its previous order before ultimately denying relief on Woody's § 2254 petition on March 21, 2025.

determination of the facts in light of evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"A decision is contrary to clearly established federal law if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts." *Mahdi v. Stirling*, 20 F.4th 846, 892 (4th Cir. 2021) (citation modified). A court unreasonably applies federal law if its decision is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (citation modified).

Limiting our review of the record to the issue raised in Woody's informal brief, we conclude that he has not made the requisite showing. *See* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Accordingly, we deny as moot Woody's motion to expedite, deny a certificate of appealability, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*